## CHARGE TO JURY MAY BECOME CONCLUSIVE EVIDENCE OF ISSUES IN CASE.

Circuit Court of Lorain County.

THE CITIZENS GAS & ELECTRIC CO. v. CITY OF ELYRIA.*

Decided, September 28, 1910.

*Municipal Corporations—Recovery Against Gas Company, for Judgment for Damages Against City—Evidence as to Issues in Original Case —Charge of Court.*

In an action to recover the amount of a judgment recovered against it, which it has paid, brought by a municipal corporation against a gas company holding a franchise from it authorizing it to lay pipes in the streets of the municipality and furnish gas to its inhabitants, by the terms of which franchise the gas company agreed to defend all actions brought against the municipality for damages resulting from its excavations in the streets, and pay all judgments against the city for such damages, where the issue between the gas · company and the city is whether the judgment against the city was for damages resulting from the sole negligence of the gas company in leaving unguarded an excavation in the street made by it, or for independent negligence of the city in some other respect, the charge of the court in such former action with respect to the issue submitted to the jury therein is conclusive evidence with respect thereto, no matter what evidence was permitted to be introduced in the case.

*S. M. Douglass* and *Geo. II. Chamberlain,* for plaintiff in error.
*H. A. Pounds,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This is a proceeding in error seeking to reverse the judgment of the court of common pleas in an action in which the city of Elyria was plaintiff and the Citizens Gas & Electric Company was defendant.

The petition in this case avers that a man by the name of Busswell obtained a judgment against the city of Elyria for injuries sustained by reason of a defect in the street caused by

---

*Affirmed without opinion, *Gas Co.* v. *Elyria,* 85 Ohio State, 472.

the defendant, the Citizens Gas & Electric Co., and it says that the gas and electric company put in its pipe and the like under a franchise granted to it by the city and accepted by the company, which franchise contained the following:

"The said Citizens Gas & Electric Company, its successors and assigns, shall further fully protect and save the city of Elyria harmless from any or all claims of damages, losses, costs, charges and expenses of every nature and kind made, suffered or incurred in any manner by reason of, or connected with the use and occupation of said alleys or streets, or resulting. from the excavation of any such alleys or streets; and in case the said city shall be compelled to pay any person, persons, company or corporation for any loss, injury or damage of person or property as aforesaid, the same shall be fully paid or reimbursed to said city, with all the costs and expenses connected therewith or arising therefrom, and the same shall be binding upon said company, its successors and assigns; said company, its successors and assigns, shall hold the city of Elyria free, harmless from the payment of any judgment rendered or claims described herein, and further said company, its successors and assigns, shall defend each and all law suits wherein the Citizens Gas & Electric Co. its successors and assigns, is the real party in interest, although the city of Elyria is or may be the nominal party in interest, done, caused or instituted by reason of the construction, operation and maintenance of said mains and pipe."

The petition further alleges that the man injured, Busswell, brought suit against the city of Elyria for the injuries received by him on account of his wagon getting into a trench that was dug by the gas company, that the gas company was notified and appeared and aided in the defense, that there was a recovery against the city of $300 damages, that the gas company has refused to pay it and the city has been obliged to pay it, together with the costs, and seeks a judgment against the gas company.

The gas company answered admitting it accepted the franchise and that Busswell commenced an action in the court of common pleas against the city of Elyria for certain personal injuries sustained, and among other things:

"Avers the fact to be that said Busswell alleged that several weeks previous to the date of his injury, the defendant permitted the Citizens Gas & Electric Company to dig up said avenue by

excavating certain trenches in said street, and also, negligently left said trench open and unfilled, without placing thereon any danger signal whatever.

"Said defendant admits that notice was given to it that said Busswell had commenced said action referred to against said city; that this defendant appeared and aided the city of Elyria, sole defendant, in the defense thereof. It further admits that upon the trial of said cause in said court, that a verdict was rendered in favor of said Busswell in the sum of $300, and that judgment was rendered thereon, together with costs, and, as it is informed, that the city of Elyria, against whom said judgment was rendered, paid the same as averred in its petition; and said plaintiff further answering denies each and every other allegation in said plaintiff's petition contained.

"Said defendant further answering, says, that in said action by Henry Busswell against the city of Elyria mentioned in said plaintiff's petition, that plaintiff averred that the defendant charged was with the care, supervision, and control of all the streets and public highways within the limits of said municipality, and that it was the duty of said city to keep said streets and highways open."

I will not stop to read the balance of the answer. The substance of it is that the suit was brought against the city charged not only negligence for failure to keep this trench, which was opened by the gas company, in such repair as that the street could be used, but that the city was further negligent in the care of that street and failed to perform its duty as charged in the original petition, and the defendant says that the result was, not the jury found, as alleged in the petition, that Busswell was injured because of the negligence of the gas company alone, but that it might have found, as in fact it did find, that the city was liable because of other negligence than that of the gas company.

We were not favored with an oral argument on the part of the plaintiff in error, but we were furnished yesterday with a very full brief on the part of the plaintiff in error, which we have examined and which we find not of special aid to us. We have examined it and find this so because it is based upon a wrong theory of the situation.

Counsel for plaintiff in error claims in his brief that it was not determined in the former action that it was the negligence of the

gas company that brought about the injury, but that from what appears in that case it is clear that there was other negligence on the part of the city for which a recovery might well have been had, and the argument is that if the city and the gas company were both negligent and a recovery is had against the city, it can not under its franchise call in the gas company to respond. That is completely answered by the charge of the court in the case showing just what issue was submitted to the jury in the former case.    I read from the charge these words:

"It is alleged in the petition and conceded by counsel for the plaintiff that there can be no recovery in this case unless it is proven and shown to you by a preponderance of the evidence that the negligence complained of is the negligence of the Citizens Gas & Electric Co. in digging a trench for gas mains in the street and not properly filling that trench.    That is the first thing that is alleged.    I say to you on that subject that unless you do so find that the trench in question which it is alleged caused the injury to the plaintiff was dug and left without being properly filled by the Citizens Gas & Electric Co. your verdict must be for the defendant, for plaintiff would then have failed in proving to you one of the essential and material allegations of the case which it is necessary for him to prove in order to recover."

And again, the court emphasizes this in these words:

"So that if you so find, then the plaintiff would be entitled to recover, if you find this further fact that is essential and necessary; that this negligence of the gas company, which I have supposed would be the negligence of the city, in failing to properly fill the trench, directly and proximately, and without the intervention of any other independent cause, caused the injury to the plaintiff of which he here complains.    If you find those two things in the affirmative by a preponderance of the evidence, then you would find for the plaintiff and he would be entitled to a verdict; while if you find either of them in the negative and find either that the gas company did not dig the trench or did not leave the same in an improper and dangerous shape so that it was negligent, then I say to you that the defendant is entitled to a verdict."

So that the court submitted just one question and that only, and that was, was it the negligence of the gas company and of

the gas company only, that brought about the injury to the plaintiff in that case. The jury necessarily answered to the affirmative when they found a verdict for the plaintiff in that former case. That being so, the entire argument as to the evidence in that case and what is decided, is of no avail in this case, and the judgment of the court of common pleas is affirmed.